UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

             - against -

JAIME MENESES-MENA and
ALBERTO ORTIZ,

                    Defendants.
------------------------------------------------------------X

07 Cr. 1155 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      In his September 3, 2008 motion, Defendant Meneses-Mena moved for a "hearing to determine the audibility" of "any recorded conversations" that the Government "propose[d] to offer into evidence at trial." (Defendant Meneses-Mena Motion at ¶3. Defendant Ortiz later joined in this motion. At oral argument on October 22, 2008, the Court ordered a review of the transcripts of the two phone calls and the recordings of the calls.

      That week, on October 23, 2008, the Government provided the Court with the transcripts of the two phone calls, both of which were in Spanish, as well as translations of those calls. The first call was made on July 13 at 1:45 p.m., while the second call was made at 4:00 p.m. that same day.[1] The Government also provided the Court with an audio CD of the two calls. After reviewing the aforementioned materials, Defendants' request for an audibility hearing is denied.

      To introduce audio recordings into evidence at trial, the Government must "produce clear and convincing evidence of authenticity and accuracy" of the recordings. United States v. Fuentes, 563 F.2d 527, 532 (2d Cir. 1977) (citing United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967)). A tape recording is admissible "[u]nless the unintelligible portions [of the recording] are so substantial as to render the recording as a whole untrustworthy..." United States v. Bryant, 480 F.2d 785, 790 (2d Cir. 1973). If a "tape recording is otherwise admissible, a court should permit its introduction into evidence provided that its probative value outweighs its tendency to mislead the jury." United States v. Siddiqi, 2007 U.S. Dist. LEXIS 78747 (S.D.N.Y. 2007) (citing United States v. Arango-Correa, 851 F.2d 54, 58-59 (2d Cir. 1988)).

      It is within the discretion of the Court to permit the Government to translate the recordings

---

1    The Special Agent who recorded a preamble to the recorded telephone calls does not specify in which year the calls occurred. The transcript of the first call at 1:45 p.m. states that the call was made to 917-749-4437. However, the Agent, in his preamble, states on the recording that the call was being made to 347-870-0247. In the second call at 4:00 p.m., the Agent in his preamble states that the initial call was made to phone number 917-749-4437.

into English and to introduce these translations into evidence and present them to the jury, which is what the Government intends here. See, e.g., United States v. Chalarca, 95 F.3d 239, 246 (2d Cir. 1996) ("decision to receive in evidence English translations of foreign-language transcripts lies in the discretion of the district court"); United States v. Bahadar, 954 F.2d 821, 829-30 (2d Cir. 1992).

Here, after reviewing the recorded calls as well as the transcripts and translations of these calls, the Court concludes that an audibility hearing is unnecessary. The audio recordings are entirely clear and audible, with a single exception which on its face does not appear to be significant. Accordingly, Defendants have not shown that an audibility hearing is required and their motion is denied.[2]

IT IS SO ORDERED.

Dated: New York, New York
October 2, 2008

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Order were sent to:

***For the Government:***
Michael J. Garcia, U. S. Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Attn: Nicholas James Lewis
Tel:  212-637-2337
Fax: 212-637-2937
Nicholas.Lewin@usdoj.gov

---

2   Of course, the decision by the Court to admit translations from the Government does not bar Defendant from introducing his own transcripts of the recording as well (see Chalarca, 95 F.3d at 246), or from playing relevant portions of the recording for the jury "so that its members can appreciate the background noise and other potential obstacles to the reeording's interpretation." Siddiqi, 2007 U.S. Dist. LEXIS 787474, at *5-6.

2

*For Defendant Meneses-Mena*:
Russell Todd Neufeld
99 Hudson Street
New York, NY 10013
Tel: (646)-613-8359
Fax: (212)-965-9084
russelltneufeld@aol.com

*For Defendant Ortiz*
Joyce Clemow London
20 Vesey Street
Suite 400
New York, NY 10007
Tel: (212) 964-3700
Fax: (212) 964-2926
jlondonlaw@aol.com